Dear Senator Picard:
You requested the opinion of this office concerning the constitutional authority of the Louisiana Senate to repeal Section 2 of Act No. 203 of the 1993 Regular Session (the "Act"), and by what vote. The Act imposes a tax upon the sale, use, consumption, handling or distribution of all bottled soft drinks and all soft drink syrup. Section 2 and 3 of the Act provide as follows:
 "Section 2. R.S. 47:881 through 907 are hereby repealed in their entirety.
 Section 3. Section 1 of this Act shall become effective on July 1, 1994. Section 2 of this Act shall become effective on the first day of the month following the month in which a contract is signed for the construction of a regional soft drink bottling facility in Louisiana costing no less than fifty million dollars."
You advised that on May 1, 1996, the Senate Revenue and Fiscal Affairs Committee met. The Committee began to discuss an amendment to Senate Bill 54 by Senator Romero, which amendment sought to repeal Section 2 of the Act. You further advised that Louisiana Coca Cola Bottling Company (the "Company") has advised that land has been purchased at a cost of $6,000,000 for a new bottling facility and a series of contracts totaling in excess of $57,000,000 will be signed. Your staff has verbally advised this office that the Company testified that they have signed a contract to clear the land.
Your question is when is the repeal contained in Section 3 of the Act effective: (i) at the signing of a single $50,000,000 contract; or (ii) at the signing of the first of a series of contracts which would total $50,000,000; or (iii) when the sum total of the series of signed contracts reaches $50,000,000?
Generally, in the construction of statutes, words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. La. R.S. 1:3. When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the context of pursuing its spirit. La. R.S. 1:4. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. C.C. art. 9. When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. C.C. art. 10. The words of a law must be given their generally prevailing meaning. C.C. art. 11. Words used in the singular number include the plural and the plural includes the singular. La. R.S. 1:7.
The effective date of the repeal is the first day of the month following the month "in which a contract is signed for the construction of a . . . facility . . . costing no less than fifty million dollars". The clause "costing no less than fifty million dollars" modifies the word "facility" and not the word "contract"; therefore, the contract does not have to be in the amount of $50 million, but the cost of constructing the facility must equal or exceed $50 million. Applying the principle of statutory construction quoted above that words used in the singular number include the plural, Section 3 allows for one or more than one construction contract to be signed, as long as the costs of the facility, which would include land costs and the costs of clearing the land, is at least $50 million.
Practically, the costs of construction could only be definitely established upon completion of construction; however, Section 3 does not contemplate completion of the facility in order for the repeal to take effect. Short of completion, the costs of construction could be established by adding the construction contract together with the other contracts entered into by the Company necessary to make the facility operational. While it is possible that the cost of the facility could come in significantly under budget, it is less likely if there are contracts equaling $50 million or more.
Based upon the foregoing and from the facts presented, it is the opinion of this office that the repeal of the soft drink tax set forth in Section 3 is not yet effective, as the Company has not yet entered into a construction contract.
As provided in Civil Code art. 8 and La. R.S. 1:15, the repeal of a repealing law does not revive the first law. However, the repeal of the soft drink tax has not yet taken effect, so the legislature can repeal Section 3 of the Act. It is a general principle of judicial interpretation that, unlike the federal constitution, a state constitution's provisions are not grants of power but instead are limitations on the otherwise plenary power of the people of a state exercised through its legislature. In its exercise of the entire legislative power of the state, the legislature may enact any legislation that the state constitution does not prohibit. Board of Directors of the LouisianaRecovery District v. All Taxpayers, et al.,529 So.2d 384 (La. 1988) (Cite recovery district)
The question then becomes, can the legislature repeal Section 3 through Senate Bill 54. In the opinion of this office, the legislature cannot. The Louisiana Constitution in Article III, Section 16(B) provides that "all bills for raisingrevenue or appropriating money shall originate inthe House of Representatives, but the Senate may propose or concur in amendments, as in other bills." (Emphasis added) Senate Bill 54 amends and reenacts the soft drink tax. "It is fundamental that to enact is to decree, to establish by law and to perform or effect a law. To reenact is to enact again . . . for it must be remembered that an amending and reenacting statute, whether it be to a change of a word, figure, line, or entire section or a recasting of the whole language, becomes a part of the original act (citations omitted)." State v. Bergeron, 235 La. 879, 106 So.2d 295
(1958).
In light of the foregoing, we feel that there is no necessity to address your question regarding the vote requirement to pass Senate Bill 54.
Trusting this adequately responds to your request, I remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: _________________________________________
 MARTHA S. HESS Assistant Attorney General
RPI/MSH